*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JOHN STRONG, | ) |
| | ) Supreme Court No. S-16730 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-15-08446 CI |
| v. | ) |
| | ) O P I N I O N |
| JAMES WILLIAMS, SUZIE | ) |
| WILLIAMS, and MUNICIPALITY | ) No. 7321 – December 14, 2018 |
| OF ANCHORAGE, | ) |
| | ) |
| Appellees. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Kenneth P. Jacobus, Kenneth P. Jacobus, P.C., Anchorage, for Appellant. Samuel C. Severin, Assistant Municipal Attorney, and Rebecca A. Windt Pearson, Municipal Attorney, Anchorage, for Appellee, Municipality of Anchorage. Notice of nonparticipation filed by David W. Pease, Burr, Pease & Kurtz, Anchorage, for Appellees James Williams and Suzie Williams.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

CARNEY, Justice.

## I.    INTRODUCTION

A man sued his neighbors, alleging that an access road on their property caused flooding on his property.  After he reached a settlement with the neighbors, the man stipulated to a dismissal of his claims with prejudice.  Three years later the man again sued the neighbors as well as the Municipality of Anchorage, alleging that the flooding had continued and asserting new claims of nuisance, trespass, intentional infliction of emotional distress, and breach of contract.  The superior court granted summary judgment for the Municipality on the basis of either collateral estoppel or res judicata.  The man appeals; we reverse the grant of summary judgment and remand for further proceedings.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

John Strong has owned property in Anchorage since 1974.  He alleges that his house and property have regularly flooded since the neighboring landowners built an access road to their property in the 1980s.  The Municipality became aware of the flooding by 1993.[1]

James and Suzie Williams owned the property by 2010, when Strong initiated his first lawsuit related to the flooding.  Strong sued them for trespass and nuisance and asked the court to order them to abate the flooding and award Strong compensatory and punitive damages.

---

[1]    The parties dispute what occurred in 1993 and the superior court made no findings related to it.  Strong alleged that the Municipality "declared the dam a nuisance and issued an abatement order."  The Municipality stated that it issued a notice to the owners of the neighboring property that the condition of the premises constituted a nuisance and was subject to abatement by timely compliance.

In March 2011 Strong signed a Release and Settlement Agreement releasing the Williamses from any and all claims related to Strong's property damage or the access road. He released the claims in exchange for $7,500 and an agreement that the Williamses would upgrade the driveway according to agreed-upon specifications. The agreement stated that the parties intended to "release all individuals, firms, or corporations who could at any future date be possible defendants in any action arising out of the claims."

Strong filed a stipulation to dismiss all claims with prejudice in July 2012. The superior court accepted the stipulation and dismissed the lawsuit.

**B.    Proceedings**

In July 2015 Strong filed another complaint against the Williamses and added the Municipality of Anchorage. He again alleged that his property had frequently flooded since the access road was built in the 1980s. Strong contended that the Municipality had declared the road a nuisance but had never enforced an abatement order. He brought claims of nuisance, intentional infliction of emotional distress (IIED), trespass, and breach of contract against the Williamses and the Municipality. Strong asked the superior court to order the defendants to remove the access road and take steps to restore the flow of groundwater that it had obstructed. He also asked the court to award him compensatory damages for repairs, mental anguish, and the costs of addressing the flooding, as well as punitive damages and attorney's fees.

The Municipality answered his complaint less than a month later, arguing that Strong's claims were barred by a number of doctrines, including res judicata and collateral estoppel. Strong admitted in response to discovery requests that he was seeking only equitable, not monetary, relief from the Municipality and was not claiming trespass or IIED against the Municipality.

Nearly a year later the Municipality filed a motion for summary judgment arguing that collateral estoppel (or issue preclusion) barred Strong's claims.[2] The Municipality also contended that, because it was not a party to the earlier settlement between Strong and the Williamses, it could not be liable for any breach of contract claim. Strong opposed the motion and the superior court heard oral argument in December.

The superior court orally ruled that "[c]ollateral estoppel applies with regard to claims based on everything that was settled to the same extent that it applies in favor of the Williams[es]" and that there could be no breach of contract claim against the Municipality because it was not a party to the settlement agreement. The court gave Strong 30 days to amend his complaint to state a viable claim against the Municipality; he did not file an amended complaint.

On April 12, 2017 the superior court issued a written decision granting summary judgment to the Municipality. It relied on a different theory in its written decision than its oral decision to find that Strong's claims were precluded: it held that res judicata barred Strong's nuisance and trespass claims against the Municipality and that collateral estoppel barred Strong's IIED claim. The court also granted judgment to the Municipality on Strong's claim for breach of contract because the Municipality was not a party to the settlement agreement. The court dismissed the Municipality as a party and entered final judgment in its favor.

Strong appeals.

## III. STANDARD OF REVIEW

When an appeal "involves a ruling on summary judgment and presents a question of law," we "apply a de novo standard of review, 'adopting the rule of law that

---

[2] The Williamses joined in the Municipality's motion.

is most persuasive in light of precedent, reason, and policy.' "[3] "The question whether res judicata or collateral estoppel applies is a question of law, which we . . . review de novo."[4]

## IV. DISCUSSION

Strong does not appeal the dismissal of his breach of contract claim and he admitted during discovery that he was not suing the Municipality for IIED.[5] We therefore consider only Strong's nuisance and trespass claims.

The superior court gave two different explanations for granting summary judgment on the nuisance and trespass claims. It relied on collateral estoppel in its oral findings and res judicata in its written findings. Because "[w]e may affirm a grant of summary judgment on any basis appearing in the record,"[6] we consider both theories. We find that neither theory supports the grant of summary judgment and therefore reverse.

### A. Res Judicata Does Not Apply.

The trial court ruled that res judicata precluded Strong's trespass and nuisance claims against the Municipality in its written decision. Neither party explicitly raises the issue of res judicata on appeal, but Strong implies that res judicata does not apply because he argues there was a lack of privity between the Williamses and the

---

[3] *State Farm Mut. Auto. Ins. Co. v. Dowdy*, 192 P.3d 994, 998 (Alaska 2008) (quoting *State Farm Mut. Auto. Ins. Co. v. Lestenkof*, 155 P.3d 313, 316 (Alaska 2007)).

[4] *McElroy v. Kennedy*, 74 P.3d 903, 906 (Alaska 2003).

[5] Strong admitted during discovery that he was not bringing a trespass claim against the Municipality, but because the Municipality does not argue on appeal that he waived it, we will address it.

[6] *Parson v. State, Dep't of Revenue, Alaska Hous. Fin. Corp.*, 189 P.3d 1032, 1036 (Alaska 2008).

Municipality.  To address this argument we examine the doctrine of res judicata and its application to this case.

"A judgment is given res judicata effect by this court when it is (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[7]  The Municipality was not a party to Strong's first lawsuit.  The lawsuit's dismissal with prejudice cannot have a res judicata effect against the Municipality because it does not satisfy the third prong:  it does not involve the same parties or parties in privity.  We have stated that

> [A] non-party will be found to have been in privity with a party to a prior legal proceeding only if that non-party "(1) substantially participated in the control of a party's presentation in the adjudication or had an opportunity to do so; (2) agreed to be bound by the adjudication between the parties; or (3) was represented by a party in a capacity such as trustee, agent, or executor."[8]

None of these circumstances apply.  Because the Municipality was not in privity with the Williamses, res judicata cannot apply.

## B.     Collateral Estoppel Does Not Apply.

We next examine whether collateral estoppel, also called issue preclusion, applies.  We have stated:

> Collateral estoppel prohibits relitigation of issues actually decided in earlier proceedings where:  (1) the party against whom the preclusion is employed was a party to or in privity

---

[7]     *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013) (quoting *Angleton v. Cox*, 283 P.3d 610, 614 (Alaska 2010)).

[8]     *State, Dep't of Health & Soc. Servs., Office of Children's Servs. v. Doherty*, 167 P.3d 64, 73 (Alaska 2007) (quoting *Powers v. United Servs. Auto. Ass'n*, 6 P.3d 294, 298 (Alaska 2000)).

with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[9]

Strong argues that collateral estoppel does not apply because no issues were actually litigated and decided by the dismissal. We agree.

We have held that a stipulation to dismiss claims with prejudice has "the same res judicata effect as a final judgment after trial."[10] The Municipality argues that we should apply this principle to our collateral estoppel analysis. But in *Conitz v. Alaska State Commission for Human Rights* we recognized an important difference between the two doctrines: "[I]t is not a requirement of res judicata that an issue was actually litigated, only that there was an opportunity to litigate it."[11] On the other hand, collateral estoppel requires that "the issue was resolved in the first action by a final judgment on the merits."[12] The issue therefore must "actually be litigated."[13] In *Jackinsky v. Jackinsky* we explained that the "settlement prevented any issues from actually being litigated or determined."[14] Citing the Restatement (Second) of Judgments section 27, we observed that this section "provides that the determination of actually

---

**9** *State, Dep't of Revenue v. BP Pipelines (Alaska) Inc.*, 354 P.3d 1053, 1068 (Alaska 2015) (quoting *Ahtna, Inc. v. State, Dep't of Transp. & Pub. Facilities*, 296 P.3d 3, 8 (Alaska 2013)).

**10** *Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska 1986).

**11** 325 P.3d 501, 509 (Alaska 2014).

**12** *BP Pipelines (Alaska) Inc.*, 354 P.3d at 1068 (quoting *Ahtna, Inc.*, 296 P.3d at 8).

**13** *See In re Adoption of A.F.M.*, 15 P.3d 258, 268 n.46 (Alaska 2001).

**14** 894 P.2d 650, 655 (Alaska 1995).

litigated issues will have preclusive effect in later litigation."[15] We quoted from section 27:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.[16]

In the case before us, just like in *Jackinsky*, the "settlement prevented any issues from actually being litigated or determined." Thus the issues in Strong's complaint were not actually litigated. The stipulation to dismiss Strong's claims did not determine any factual or legal issues that might apply to claims against the Municipality.

We have previously recognized that "issue preclusion ordinarily does not attach [to a stipulation] unless it is clearly shown that the parties intended that the issue be foreclosed in other litigation."[17] The Release and Settlement Agreement does not demonstrate such an intent. The settlement agreement was a "full and final compromise and settlement of any and all *claims*, disputed or otherwise, arising out of the allegations resolved by the Release and Settlement Agreement." (Emphasis added.) It also stated that the parties intended to release all future possible defendants "in any action arising out of the claims settled." This language demonstrates that the parties intended to settle the claims brought by Strong, not to finally determine the factual or legal issues in the lawsuit.

---

[15]    *Id.*

[16]    *Id.* (quoting Restatement (Second) of Judgments § 27 (1982)).

[17]    *Morris v. Horn*, 219 P.3d 198, 209 (Alaska 2009) (alteration in original) (quoting 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4443 (2d ed. 2009)).

Strong analogizes this case to *Sowinski v. Walker*, where we considered the preclusive effect of a stipulation and settlement agreement on a subsequent legal proceeding.[18] We found that the settlement, which provided that an access road was public land, did not determine the scope of the State's duty to maintain that road.[19] Because no court had adjudicated the scope of the State's duty, we held that collateral estoppel could not apply.[20] Similarly, in this case the settlement agreement in the earlier litigation does not determine the cause of the flooding or the scope of the Municipality's responsibility. Without a determination of factual or legal issues in that action, there is no determination of those issues that can have a preclusive effect in this one.[21]

## V.    CONCLUSION

We REVERSE and REMAND for further proceedings in accordance with this opinion.[22]

---

[18]    198 P.3d 1134, 1140-43, 1147-48 (Alaska 2008).

[19]    *Id.* at 1148.

[20]    *Id.*

[21]    We do not address the parties' arguments about other elements of collateral estoppel or whether it was an abuse of discretion to apply collateral estoppel under the circumstances of this case.

[22]    On remand the superior court may require Strong to clarify his claims and the relief he is seeking from the Municipality, as it remains unclear whether he has a viable claim against the Municipality.