NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LUZVIMINDA G. DOBSON, | ) | |
| | ) | Supreme Court No.  S-19493 |
| Appellant, | ) | |
| | ) | Superior Court No.  3AN-25-04291 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ANCHORAGE SCHOOL DISTRICT, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2145 – May 20, 2026 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Josie Garton, Judge.

Appearances:  Luzviminda G. Dobson, pro se, Anchorage, Appellant.  Matthew Singer and Zachary M. Forrester, Schwabe, Williamson & Wyatt, P.C., Anchorage, for Appellee.

Before:  Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

## I.  INTRODUCTION

In 2006 a mother brought a claim against the Anchorage School District for injuries her son received while attending classes at East Anchorage High School in 2001 and 2002.  The claim settled.  In 2025 the mother brought a second lawsuit against the school district for claims related to the same injuries.  The school district moved to

---

\*      Entered under Alaska Appellate Rule 214.

dismiss the mother's claim, arguing that the lawsuit was barred by the prior settlement, res judicata, and the statutes of limitations and repose. The superior court dismissed the mother's lawsuit on all grounds. The mother asked the superior court to reconsider its dismissal and when that was denied, she appealed. Because the mother's complaint did not state a claim for which relief could be granted, we affirm the superior court's decision.

## II. FACTS AND PROCEEDINGS

### A. Facts

In the 2001-2002 school year, Luzviminda G. Dobson's son was injured while attending classes at East Anchorage High School. He was injured twice in October, once when another student kicked him in the groin and another time when he bumped his head in gym class; again in November, when a basketball hit his head; and then in February, after he hit his head on a weight bar. After each incident, Dobson took her son to the doctor.

### B. Proceedings

In October 2006 Dobson sued the Anchorage School District seeking $3 million in damages for pain and suffering resulting from East High's alleged negligence. She detailed the four injury incidents in her complaint.

In the fall of 2007, Dobson and the District reached a settlement agreement following mediation. At some point thereafter, the District mailed Dobson a check for $12,000. The District later moved to enforce the agreement and dismiss her claims. Dobson did not oppose the motion. The court found that the District had fulfilled the agreement and ordered Dobson to sign the agreement; if she did not, the court instructed the clerk of court to sign it on her behalf. It ordered that the matter was "settled and timely resolved" and dismissed Dobson's 2006 case with prejudice.

In January 2025 Dobson again sued the District, alleging that as a result of the injuries her son suffered at East High in 2001-2002, he now suffered from pain, headaches, and schizophrenia. She attached documents to her complaint about the same

four injuries and described her son's recent developments. She alleged that her son had only recently found relief from headaches he suffered as a result of the East High incidents. She described an initial injection that relieved the pain for six months, but claimed that once it wore off, her son became angry and violent. She stated that her son had been diagnosed with schizophrenia after they moved to the Philippines. She attached documentation confirming the schizophrenia diagnosis and pointing to a traumatic brain injury as the cause of his illness.

Citing her prior case against the District, Dobson asked the court to consider her 2006 claim because the $12,000 settlement check was not sufficient to provide for her son's prescription medication. She asked for $13 million in damages for her son's suffering. She also stated that she had not understood what happened in a court hearing in the 2006 matter because she was participating by telephone from the Philippines, and she alleged that the District violated the "Student with Disability Act."

In February 2025 the District moved to dismiss Dobson's lawsuit under Alaska Civil Rule 12(b)(6). It argued that even though Dobson's 2006 complaint was not attached to her 2025 complaint, under *Alleva v. Municipality of Anchorage*,[1] the court could consider that pleading as well as an order enforcing the settlement agreement from her 2006 lawsuit in ruling on the motion to dismiss.[2] The District attached the complaint and the court's order enforcing the settlement to its motion but did not attach a copy of the settlement agreement. Based on those documents, the District argued that Dobson's claim was barred by the prior settlement agreement, the statute of limitations, the statute of repose, and the doctrine of res judicata. It argued that her claim was the same as the one in the 2006 lawsuit, that she was required to bring it by July 19, 2012 at the latest, and that res judicata barred claims that were

---

[1] 467 P.3d 1083 (Alaska 2020).

[2] The District also argued that the court could take judicial notice of "matters of public record (including other court proceedings)."

already brought and that "should" have been brought in the 2006 case. The District asked the court to dismiss Dobson's 2025 lawsuit with prejudice.

Dobson opposed the motion, repeating many of the arguments in her complaint. She argued that her complaint in the 2025 matter involved a different issue than her earlier complaint and that the District had no jurisdiction to dismiss her claim. She stated that her son now suffered from back pain, that the students who assaulted him in 2001 carried a gun, and she pointed out that some first aid forms from the October 2001 head injury incident were missing. She described her son's dangerous behavior and again alleged that East High violated his rights under the "Student with Disability Act."

The District replied, agreeing that it did not have jurisdiction to dismiss Dobson's complaint but pointing out that the superior court did. It also argued that even if Dobson's claim was related to a different issue, the issue was still barred by res judicata, the prior settlement, and the statutes of limitations and repose.

The superior court dismissed Dobson's complaint with prejudice "for the reasons stated in [the District's] motion to dismiss." Dobson filed another motion, which the court construed as a motion for reconsideration. She asked the court to reconsider its order dismissing her case because she was not served with a copy of the District's proposed order with its motion to dismiss. The court denied reconsideration.

Dobson appeals.

## III. STANDARD OF REVIEW

We liberally construe the claims of self-represented litigants like Dobson on appeal.[3] "A grant of a motion to dismiss a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) is reviewed de novo. In reviewing a Rule 12(b)(6) dismissal, we liberally construe the complaint and treat all factual allegations in the

---

[3]     *Griffith v. Hemphill*, 566 P.3d 932, 938 (Alaska 2025).

complaint as true."**[4]** "Whether res judicata applies is a question of law, an issue that we review de novo."**[5]**

## IV.   DISCUSSION

Dobson argues that the superior court erred by dismissing her lawsuit because her 2025 complaint involved a different issue than her 2006 complaint.  The District counters that even if Dobson's claim is new, it is barred by the settlement agreement, res judicata, and the applicable statutes of limitations and repose.  We conclude that Dobson cannot bring her 2025 lawsuit because the doctrine of res judicata prevents her from litigating the same claim.  For this reason, her complaint fails to state a claim for which relief can be granted.  The superior court therefore did not err when it dismissed her complaint.**[6]**

A motion to dismiss a complaint under Civil Rule 12(b)(6) tests the legal sufficiency of a complaint's allegations by asking if the complaint states "a claim upon which relief can be granted."**[7]**  "To survive a motion to dismiss, a complaint need only 'set forth allegations of fact consistent with and appropriate to some enforceable cause of action.' "**[8]**  When evaluating whether a complaint states a claim that could entitle a self-represented plaintiff to relief, "[i]t is the substance, not the form, of a claim that

---

**[4]**     *Torrence v. Blue*, 552 P.3d 489, 492 (Alaska 2024) (quoting *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018)) (internal quotation marks omitted).

**[5]**     *DeNardo v. Calista Corp.*, 111 P.3d 326, 329 (Alaska 2005).

**[6]**     Because we affirm the superior court's decision based on res judicata, we do not reach the District's other arguments.

**[7]**     Alaska R. Civ. P. 12(b)(6).

**[8]**     *Tripp v. City & Borough of Juneau*, 563 P.3d 17, 24 (Alaska 2025) (quoting *Est. of Mickelsen ex rel. Mickelsen v. N.-Wend Foods, Inc.*, 274 P.3d 1193, 1197 (Alaska 2012)).

determines whether it is subject to dismissal."[9]  Motions to dismiss are disfavored:[10] "[o]nly when the claim provides absolutely no basis for relief should the court grant a motion to dismiss for failure to state a claim."[11]

In addition to other arguments, the District argued in its motion to dismiss that Dobson's claim was barred by res judicata.  "Res judicata is a judicial doctrine that prevents the relitigation of the same claim between the same parties or those in privity with them."[12]  Res judicata applies when a court has issued a judgment that "is (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[13]  Res judicata also prevents a party from bringing new claims that "stem from the same transaction as the claims made in [a prior] complaint."[14]

We address each requirement to apply res judicata in turn.  First, Dobson's 2006 case against the District was dismissed with prejudice following an agreement to dismiss the case.  Though the order dismissing Dobson's first lawsuit was not attached to the complaint for her second, we consider the dismissal order because her complaint

---

[9]  *Torrence*, 552 P.3d at 492.

[10]  *Id.* at 491.

[11]  *Id.* at 493.

[12]  *Conservatorship Est. of K.H. v. Cont'l Ins. Co.*, 73 P.3d 588, 595 (Alaska 2003).

[13]  *Strong v. Williams*, 435 P.3d 872, 875 (Alaska 2018) (alteration in original) (quoting *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013)) (internal quotation marks omitted).

[14]  *Williams v. Strong*, 557 P.3d 745, 753 (Alaska 2024) (alteration in original) (quoting *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 821 (Alaska 2006)) (internal quotation marks omitted).

referred to her first lawsuit.[15] The 2006 lawsuit's dismissal satisfies the requirement for "a final judgment on the merits" because "a stipulation to dismiss claims with prejudice has 'the same res judicata effect as a final judgment after trial.' "[16] The order dismissing Dobson's lawsuit establishes the first requirement of res judicata. The superior court found that Dobson and the District entered into a settlement, enforced that settlement, and dismissed the case with prejudice.

The second requirement is that the court which entered the judgment on the merits was "a court of competent jurisdiction."[17] Neither Dobson nor the District questions that the superior court is a court of competent jurisdiction.[18]

The third requirement for res judicata is that the newer lawsuit is between the same parties as the older one and about the same cause of action.[19] Dobson's 2025 suit against the District clearly involved the same parties as her 2006 suit against the District.

---

[15] *Alleva v. Mun. of Anchorage*, 467 P.3d 1083, 1088-89 (Alaska 2020) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to one for summary judgment.") (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)) (internal quotation marks omitted) (alteration in original).

[16] *Strong*, 435 P.3d at 875 (quoting *Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska 1986)); *accord Smith*, 132 P.3d at 820 ("A dismissal with prejudice is treated as . . . a final judgment on the merits.").

[17] *Strong*, 435 P.3d at 875.

[18] Dobson again argues that the District does not have jurisdiction to dismiss her complaint, but the District did not assert it had jurisdiction and agrees that it does not. The superior court has jurisdiction over Dobson's claim and by filing a complaint with the court Dobson invoked its jurisdiction. AS 22.10.020(a); *Calais Co., Inc. v. Ivy*, 303 P.3d 410, 414 n.6 (Alaska 2013) ("[O]nce the parties invoke the jurisdiction of the court by filing suit, jurisdiction is always held by the court.").

[19] *Strong*, 435 P.3d at 875.

The remaining issue is to determine if Dobson's claim in her 2025 lawsuit is the same as or connected to the same transaction as the claim in her 2006 lawsuit. "When determining whether two claims are part of the same cause of action, we look to the [factual] transaction out of which the claims arose" and consider "whether the facts are related in time, space, origin, or motivation."[20]

In 2006 Dobson asserted a claim of negligence against the District based on injuries her son suffered in four incidents in 2001 and 2002. In her 2025 complaint she alleged that he suffered new injuries from the same incidents. Dobson's 2025 complaint explicitly asks the court to consider her negligence claim from the 2006 case. Most of the injuries Dobson alleged that her son suffered are the same as those she alleged in 2006, except for his schizophrenia, which she alleges is a result of his injuries at East High. Her 2025 complaint does not describe any events leading up to her son's injuries that are different from those in her 2006 complaint. The claims in both of Dobson's lawsuits against the District thus arise out of the same factual transactions. Dobson's 2025 complaint against the District is therefore barred by res judicata.

Dobson's complaint also appears to allege that the District violated either the Individuals with Disabilities Education Act or the Americans with Disabilities Act.[21] Those claims, however, are also barred by res judicata. In addition to preventing

---

[20]     *Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 141 (Alaska 2004) (second quote quoting *McElroy v. Kennedy*, 74 P.3d 903, 908 (Alaska 2003)) (internal quotation marks omitted); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 24 (A.L.I. 1982).

[21]     Dobson alleges that East High officials violated the "Student with Disability Act," which we understand to mean the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-82, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-213. *See Torrence v. Blue*, 552 P.3d 489, 492 (Alaska 2024) ("[W]e apply a 'more lenient standard' to self-represented litigants, meaning that we consider their 'pleadings liberally in an effort to determine what legal claims have been raised.' " (quoting *Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017))).

parties from bringing a claim that has already been litigated, res judicata bars claims in a second suit that "*could have been* decided in the first suit."[22] Because Dobson's latest claim that the District violated one of these laws is based on the same underlying facts as her 2006 complaint, she could have brought that claim in 2006. Res judicata therefore prevents her from bringing the claim now.

## V. CONCLUSION

The superior court's decision is AFFIRMED.

---

[22] *Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska 1986); *accord Smith v. CSK Auto, Inc.*, 132 P.3d 818, 821 (Alaska 2006) ("New claims arising from 'the same [factual] transactions as those in the first suit' are also barred from litigation in the second suit.") (quoting *Alderman*, 104 P.3d at 141).