*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JAMES BARBER, | ) | Supreme Court Nos. S-15141/15152 |
| | ) | (Consolidated) |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-07764 CI |
| v. | ) | |
| | ) | O P I N I O N |
| JOSEPH SCHMIDT, BRYAN | ) | |
| BRANDENBURG, SAM | ) | No. 7026 – July 31, 2015 |
| EDWARDS, CARMEN | ) | |
| GUTIERREZ, JACK L. EARL, JR., | ) | |
| MICHAEL ALEXANDER, | ) | |
| ANTHONY GARCIA, SAM | ) | |
| WILLIAMS, and TOMMY | ) | |
| PATTERSON, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |
| | ) | |
| JACK L. EARL, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH SCHMIDT, BRYAN | ) | |
| BRANDENBURG, SAM | ) | |
| EDWARDS, CARMEN | ) | |
| GUTIERREZ, MICHAEL | ) | |
| ALEXANDER, ANTHONY | ) | |
| GARCIA, SAM WILLIAMS, | ) | |
| TOMMY PATTERSON, and | ) | |

JAMES BARBER,[1]         )
         )
         Appellees.         )
_____ )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, John Suddock, Judge.

Appearances: James Barber, pro se, Wasilla, Appellant. Jack L. Earl, Jr., pro se, Juneau, Appellant. John K. Bodick, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellees Joseph Schmidt, Bryan Brandenburg, Sam Edwards, and Carmen Gutierrez.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

STOWERS, Justice.

## I.    INTRODUCTION

Six Alaska prisoners jointly filed a pro se putative class-action complaint against various Department of Corrections officials. Their complaint detailed 18 causes of action, many of which address changes in Department policy regarding inmate purchase and possession of gaming systems and restrictions on mature-rated video games.

---

[1]    We note that in the *Barber* appeal, appellees Earl, Alexander, Garcia, Williams, and Patterson were listed as plaintiffs in the underlying superior court case. In the *Earl* appeal, Alexander, Garcia, Williams, Patterson, and Barber were likewise listed as plaintiffs. They are listed as appellees here pursuant to Alaska Appellate Rule 204(g) but have not participated. We have omitted John Doe and Jane Doe parties named as defendants in the superior court because they were not named and did not have any role in the proceedings.

One of the prisoners moved for class certification and for appointment of counsel. The superior court denied the class action motion on the grounds that pro se plaintiffs cannot represent a class, and denied the appointment of counsel motion as well. The Department moved for dismissal of the prisoners' complaint for failing to state a claim upon which relief could be granted. The superior court granted this motion on the ground that all of the claims were class action claims that could not be pursued.

Two of the plaintiffs, Jack L. Earl, Jr. and James Barber, each filed an appeal. They argue that the superior court erred in denying the motion for class certification, denying the motion for appointment of counsel, and dismissing the complaint for failure to state a claim upon which relief can be granted. We consolidated the appeals. We affirm the superior court's denials of class certification and appointment of counsel, but we reverse the dismissal of the action and remand for further proceedings.

II.     FACTS AND PROCEEDINGS

In May 2012 Alaska prisoners Jack L. Earl, Jr., Michael Alexander, Anthony Garcia, Sam Williams, Tommy Patterson, and James Barber, all signing on the same complaint, collectively filed a putative class-action complaint against Department of Corrections Commissioner Joseph Schmidt and other Department officials.[2] The complaint detailed 18 causes of action, alleging violations of their rights under both the Alaska and United States Constitutions. Many of the alleged violations pertain to changes in Department policy regarding inmate purchase and possession of gaming systems (e.g., Xbox and PlayStation), as well as restrictions on mature-rated video games. The prisoners represented themselves.

Earl moved for class certification under Alaska Rule of Civil Procedure 23(a). He also moved for court-appointed counsel and a temporary restraining order.

_____

[2]     *Cf.* Alaska R. Civ. P. 20(a) (allowing multiple plaintiffs to bring joint or several claims based on same transaction).

The Department filed an opposition to the motion for class certification on the grounds that pro se plaintiffs cannot represent a class in a class-action lawsuit and because all of the claims were class-action claims; in the same one-page filing it cross-moved for dismissal of the complaint on the grounds that, absent a certifiable class, it failed to state a claim upon which relief could be granted. Barber and Earl each responded to the Department's opposition to class certification, arguing that it was premature pending resolution of the appointment of counsel motion.

The superior court denied Earl's motion for class certification on the grounds that a pro se plaintiff cannot represent a class in a class-action lawsuit. The court also ruled that there was "no provision in [Alaska] statutes or the Alaska Administrative Code for appointment of counsel to inmates for prison rights litigation." Finally, the court concluded that since the class could not be certified and since there were no claims that were not class-action claims, the plaintiffs had failed to state a claim upon which relief could be granted. It therefore dismissed the complaint. Earl and Barber each filed appeals, which we consolidated.

## III. STANDARD OF REVIEW

We review the denial of class certification for abuse of discretion,[3] the

---

[3] *Bartek v. State, Dep't of Natural Res., Div. of Forestry*, 31 P.3d 100, 101 (Alaska 2001) (citing *State, Dep't of Revenue v. Andrade*, 23 P.3d 58, 65 (Alaska 2001)), *superseded by statute as stated in Brewer v. State*, 341 P.3d 1107, 1119 n.79 (Alaska 2014).

denial of a motion to appoint counsel for abuse of discretion,[4] and the dismissal of a complaint for failure to state a claim upon which relief can be granted de novo.[5]

## IV. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion By Denying The Prisoners' Motion For Class Certification.

Alaska Rule of Civil Procedure 23(a) states:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The issue in this case involves the fourth prong of Rule 23(a), specifically whether a pro se plaintiff can "fairly and adequately protect the interests of the class."[6] In *Hertz v. Cleary*, we held that "a pro se plaintiff . . . may not properly represent a class."[7] In explaining why, we pointed favorably to a federal case, *Shaffery v. Winters*,[8]

---

[4]     *Midgett v. Cook Inlet Pre-Trial Facility*, 53 P.3d 1105, 1109 (Alaska 2002) (citing *Balough v. Fairbanks N. Star Bor.*, 995 P.2d 245, 254 (Alaska 2000)) ("The decision to appoint counsel for a civil litigant is a procedural decision, which we review for abuse of discretion.").

[5]     *Caudle v. Mendel*, 994 P.2d 372, 374 (Alaska 1999).

[6]     The Department, in its opposition to class certification, did not challenge the other three prongs.

[7]     835 P.2d 438, 442 n.3 (Alaska 1992). We also applied this rule in an unpublished case. *Latham v. Alaska Pub. Defender Agency*, Mem. Op. & J. No. 1254, 2006 WL 1667661, at *4 (Alaska June 14, 2006).

[8]     72 F.R.D. 191, 193 (S.D.N.Y. 1976).

and noted identical language in federal and Alaska class-action rules.[9] *Shaffery* involved an attempt by a pro se litigant to represent a class of prisoners in a class action against New York's Department of Correctional Services.[10] The *Shaffery* court explained that "[o]ne of the more important considerations in this regard goes to the qualifications and expertise of plaintiff's counsel."[11] The court commended the litigation efforts of Shaffery, but nevertheless concluded that "it would be improper to permit . . . a pro se litigant who is not an attorney and who labors under the restrictions of incarceration, to litigate as a class action a question as significant as that raised by the complaint."[12]

Earl concedes that, given our decision in *Hertz*, the fourth prong of Civil Rule 23(a) cannot be satisfied without the appointment of counsel. He previously acknowledged this in his motion for class certification, noting that "none of the lead plaintiffs would be allowed or indeed fully capable (although meaning well) to adequately protect the interests of the entire class membership . . . especially in light of *Hertz v. Cleary*." Barber also does not challenge the superior court's interpretation or application of *Hertz*. So, while this issue is raised on appeal, all parties agree that a pro se litigant cannot represent a class given current precedent. Whether counsel should therefore have been appointed is a separate issue altogether, but a class simply cannot be certified with pro se plaintiffs at the helm. The superior court did not abuse its discretion in denying the motion for class certification.

---

[9]    *Hertz*, 835 P.2d at 442 n.3; *compare* Fed R. Civ. P. 23(a)(4), *with* Alaska R. Civ. P. 23(a)(4).

[10]    *Shaffery*, 72 F.R.D. at 192.

[11]    *Id*. at 193.

[12]    *Id*. Shaffery attempted to challenge the Department of Corrections' refusal to implement a policy that would allow for prisoners in different states to share legal resources. *Id*. at 192.

**B.** **The Superior Court Did Not Abuse Its Discretion By Denying The Prisoners' Motion To Appoint Counsel**.

We have held that "an indigent person does not have a right to appointed counsel in most civil cases."[13] However, we have *allowed* the appointment of counsel in "certain civil cases or quasi-civil proceedings by relying on the principles that justify appointment of counsel in criminal proceedings."[14] We have *required* the appointment of counsel in cases that involve "termination of parental rights, child custody, paternity suits, and civil contempt proceedings for nonpayment of child support."[15]

In *Midgett v. Cook Inlet Pre-Trial Facility*, we noted that the pro se plaintiffs did not fall into one of "the already recognized exceptions for appointment of counsel in a civil proceeding."[16] However, rather than ending our analysis there, we considered whether the plaintiffs' due process rights might have been violated under the *Mathews v. Eldridge*[17] balancing test.[18] This test provides:

> that identification of the specific dictates of due process generally requires consideration of three distinct factors: [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [third], the Government's interest, including the function

---

[13]    *Midgett v. Cook Inlet Pre-Trial Facility*, 53 P.3d 1105, 1111 (Alaska 2002).

[14]    *Id*. (citing *Reynolds v. Kimmons*, 569 P.2d 799, 801 (Alaska 1977)).

[15]    *Id*. (footnotes omitted).

[16]    *Id*.

[17]    424 U.S. 319 (1976).

[18]    *Midgett*, 53 P.3d at 1111 (citing *In re K.L.J.*, 813 P.2d 276, 279 (Alaska 1991) (incorporating the *Mathews* test into Alaska law)); *see also Mathews*, 424 U.S. at 321, 335.

involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.[19]

In *Midgett*, we held that a claimant's economic interests were "not particularly compelling" under *Mathews* and were certainly less compelling than the aforementioned contexts in which appointment of counsel is required.[20] We further held that, while Midgett would have certainly been better off with a lawyer than without, this fact in and of itself was insufficient to show that the superior court had violated his due process rights in failing to appoint one.[21]

Earl's motion for appointment of counsel makes clear that none of the categories for which we have required appointment of counsel apply. We next consider the due process analysis. Barber and Earl complain of the Department's policies regarding gaming systems and restrictions on mature-rated video games. They argue that these policies pertain to their economic interests (e.g., the possession of property). Thus *Midgett* is dispositive: These economic interests are insufficient to require the appointment of counsel as a matter of due process.

The appointment of counsel in this context is not required by our jurisprudence, and thus the superior court did not abuse its discretion in denying Earl's motion.

### C. It Was Error To Dismiss The Prisoners' Complaint For Failure To State A Claim Upon Which Relief Can Be Granted.

Alaska Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss

---

[19]     *Mathews*, 424 U.S. at 335.

[20]     *Midgett*, 53 P.3d at 1111-12.

[21]     *Id*. at 1112.

if the complaint "fail[s] . . . to state a claim upon which relief can be granted." In order for the non-moving party to survive this motion "it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action. . . . The court must presume all factual allegations of the complaint to be true and [make] all reasonable inferences . . . in favor of the non-moving party."[22]

We have previously considered Civil Rule 12(b)(6) motions to dismiss with specific regard to pro se prisoners.[23] In *Larson v. State*, *Department of Corrections*, we emphasized the standard quoted above, reiterating that "a complaint must be liberally construed" and a "motion to dismiss under Rule 12(b)(6) is viewed with disfavor and should rarely be granted."[24] We further held that a complaint should not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim' that would entitle him to some form of relief."[25]

The superior court ruled that there were no claims in the case that were not class-action claims. But there were six plaintiffs individually named on the complaint filed in superior court. The named plaintiffs, including Barber and Earl, sought to assert claims "on behalf of themselves" and other Alaska prisoners allegedly affected by the Department's policy changes and to challenge the substance of those changes. All of the plaintiffs signed the complaint. We construe the statement that the named plaintiffs were asserting claims "on behalf of themselves" as meaning they each were asserting claims

---

[22] *Caudle v. Mendel*, 994 P.2d 372, 374 (Alaska 1999) (alteration and second omission in original) (quoting *Kollodge v. State*, 757 P.2d 1024, 1025-26 n.4 (Alaska 1988)).

[23] *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 3-5 (Alaska 2012).

[24] *Id*. at 6 (internal quotation marks omitted).

[25] *Id*. (quoting *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 254 (Alaska 2000)).

in their individual capacity. They also sought to assert claims on behalf of "all other persons who are now or will be similarly situated": this phrase is the basis for the prisoners' effort to bring a class action.

Taking the allegations in the complaint as true — as we must when evaluating a motion to dismiss for failure to state a claim[26] — the Department's policy changes apply to all of the named plaintiffs similarly. The named plaintiffs in their individual capacities may be entitled to individual relief. We therefore conclude that it was error for the superior court to dismiss the case on the grounds that no individual claims were stated in the complaint.[27]

## V.    CONCLUSION

We AFFIRM the superior court's denial of Earl's motion for class certification. We also AFFIRM the court's denial of Earl's motion for appointment of counsel. We REVERSE the court's dismissal of the prisoners' complaint for failure to state a claim upon which relief can be granted and REMAND for further proceedings consistent with this opinion.

---

[26]     *Id.* ("The complaint must be liberally construed and we treat all factual allegations as true.").

[27]     Barber also complains about the constitutionality of Department Policy 810.03, which limits the amount of mail he can send each week at state expense. Because we are remanding these consolidated cases for further proceedings, Barber can raise this issue in the superior court. We note that we have already ordered the Department to pay the cost of mailing Barber's legal mail with respect to this case so long as he remains indigent. *See Barber v. Schmidt*, No. S-15141 (Alaska Supreme Court Order, Aug. 22, 2013).