*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RICHARD DeREMER, | ) | |
| | ) | Supreme Court No. S-16707 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-15-08811 CI |
| v. | ) | |
| | ) | O P I N I O N |
| CRAIG TURNBULL and BRIAN | ) | |
| MORRIS, | ) | No. 7419 – November 22, 2019 |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Richard B DeRemer, III., pro se, Wasilla, Appellant. Matthias Cicotte, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellees.

Before: Bolger, Chief Justice, Stowers, Maassen, and Carney, Justices. [Winfree, Justice, not participating.]

STOWERS, Justice.

## I.    INTRODUCTION

This case involves a prisoner's pro se appeal from the superior court's dismissal of his civil complaint against three Alaska Department of Corrections (DOC) employees. The prisoner alleged numerous violations of his constitutional rights, and he requested declaratory relief and damages. The defendants filed a motion to dismiss

the complaint addressing some, but not all, of the prisoner's claims. Specifically, the defendants did not address his First Amendment retaliation claim. The court relied on this motion and dismissed the prisoner's claims "for the reasons set forth in defendants' motion," failing to provide any independent analysis of the prisoner's claims. Because the court, by adopting the defendants' reasoning, failed to address all of the prisoner's claims, we reverse the court's order with respect to the First Amendment retaliation claim and remand for further proceedings. We affirm the court's dismissal of the prisoner's other claims.

## II. FACTS AND PROCEEDINGS

### A. Facts

In August 2012 Richard DeRemer was a prisoner at Spring Creek Correctional Center when he was charged with an infraction based on allegations that he lied to staff. A disciplinary hearing was scheduled; DeRemer appeared at the time scheduled for the hearing, but DOC staff did not show up. DeRemer was served with a postponement notice and his hearing was rescheduled. He again appeared at the rescheduled hearing, and this time disciplinary officer Brian Morris was present. At the hearing DeRemer challenged "the credibility of the disciplinary report" and "the credibility of the disciplinary forum" based on the time frame in which the disciplinary hearing was scheduled. According to DeRemer's complaint, Morris responded to these challenges by stating that "he *was* going to reduce the infraction to an 'informational report.' But since [DeRemer] chose to play games of a technical nature as to procedural requirements . . . he was finding [DeRemer] 'guilty' instead and impos[ing] 10 days of punitive segregation, to be suspended for 180 days pending no further infractions." (Emphasis in original.)

At the conclusion of the hearing, DeRemer was orally advised of his right to appeal the decision. DeRemer later received a copy of the written disciplinary

decision report and the form for appealing the decision. DeRemer submitted his appeal, but he subsequently received a memorandum from the disciplinary clerk informing him that his appeal had not been received by the deadline.[1]

In September 2012 DeRemer filed an administrative appeal in the superior court. For reasons not apparent from the record, nothing transpired regarding his appeal for over two years. In March 2015 he received a memorandum from the Spring Creek superintendent informing him that his August 2012 disciplinary infraction had been dismissed and the entire record would be removed from his file. A few days later, DOC filed a motion to dismiss DeRemer's superior court administrative appeal as moot; DeRemer filed a motion for costs, and the superior court granted both motions. DeRemer then filed a motion to "preserve evidence of a crime," asking the court to direct DOC to preserve the audio recording from his disciplinary hearing.[2] DOC opposed, and the court denied DeRemer's motion after concluding it no longer had jurisdiction.

DeRemer then asked Spring Creek to preserve the audio recording from his disciplinary hearing; according to DeRemer's complaint, a disciplinary officer told DeRemer that the recording was still stored and assured him that the recording would be kept for at least eight years. In April 2015 DeRemer filed a grievance alleging that DOC and its employees had violated his fundamental constitutional rights "out of possible retaliation." The grievance was denied; DeRemer filed an administrative appeal and the prison superintendent upheld the denial.

---

[1] DeRemer maintained that he submitted his appeal on time, and he formally requested that a DOC staff member review security footage to establish that he had timely submitted his appeal. His request was denied.

[2] *See* AS 11.76.110.

**B.     Proceedings**

In May 2015 DeRemer, self-represented, filed a civil complaint in superior court.  He listed DOC employees Craig Turnbull, DiAnne Reimer, and Brian Morris as defendants.  He stated that his civil complaint was "brought pursuant to 42 U.S.C. § 1983" alleging "retaliation, hindering access to the courts, refusal to investigate false allegations by Alaska DOC employees, and violations of due process rights" stemming from the August 2012 disciplinary action against him.  He alleged violations of his "fundamental" constitutional rights, retaliation,[3] violations of due process, knowing and deliberate "spoliation of video evidence," and violation of his rights under the First and Fourteenth Amendments and under the Alaska Constitution.  He requested declaratory relief stating that Morris retaliated against him for defending himself in the disciplinary hearing; that Reimer violated his constitutional rights by wrongfully enforcing time limits against him, refusing to forward his disciplinary appeal to the facility superintendent, and hindering him from seeking an administrative appeal; and that Turnbull violated his constitutional rights by refusing to investigate his claim, failing to preserve his audio evidence, and refusing to answer his disciplinary appeal.  He also requested compensatory damages, punitive damages, and a jury trial.

DeRemer served Turnbull and Morris, but Reimer ultimately evaded service.  In September 2016 Turnbull and Morris moved to dismiss the claims against Reimer for failure to timely effectuate service.  In December the superior court dismissed all claims against Reimer.[4]  Turnbull and Morris also moved to dismiss DeRemer's complaint pursuant to Alaska Civil Rule 12(b)(6) for failure to state a claim upon which

---

[3]     This retaliation gives rise to DeRemer's First Amendment claim.

[4]     DeRemer does not appeal the superior court's order dismissing the claims against Reimer.

relief could be granted. In April 2017 the superior court summarily granted Turnbull and Morris's motion to dismiss; the court used the proposed order submitted by DOC, which stated the court was dismissing DeRemer's case "for the reasons set forth in defendants' motion." DeRemer appeals.

## III.  STANDARD OF REVIEW

We review de novo decisions granting motions to dismiss.[5]

## IV.  DISCUSSION

Alaska Civil Rule 12(b)(6) permits a defendant to seek dismissal of a plaintiff's complaint if the complaint fails to state a claim upon which relief can be granted. "We have explained that '[i]f, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. We must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party.' "[6] "Because motions to dismiss are disfavored, '[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief.' "[7] "Even if the relief demanded is unavailable, the claim should not be dismissed as long as some relief might be available on the basis of the alleged facts."[8] "Pleadings of pro se litigants are held to less stringent standards than

---

[5]  *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009).

[6]  *Id.* (alteration in original) (quoting *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1014 (Alaska 1999)).

[7]  *Id.* (alteration in original) (quoting *Catholic Bishop of N. Alaska v. Does 1-6*, 141 P.3d 719, 722 (Alaska 2006)).

[8]  *Id.*

those of lawyers."[9]

## A. It Was Error To Dismiss DeRemer's Complaint Without Addressing His First Amendment Retaliation Claim.

DeRemer argues that the superior court erred when it dismissed his complaint for failure to state a claim. He asserts that the court held him to an unreasonable and unfair standard. Turnbull and Morris respond that the court correctly dismissed DeRemer's complaint and ask us to affirm the court's decision.

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, we construe the complaint liberally and accept as true all factual allegations.[10] In his complaint DeRemer alleged that Morris violated his fundamental constitutional rights under the First Amendment of the United States Constitution by retaliating against him.[11] In this context a First Amendment retaliation claim involves "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[12] DeRemer alleged that during his disciplinary hearing he "challenged the credibility of the disciplinary report," "challenged the credibility of the disciplinary forum," argued that the hearing was being held outside of the required time limits, and

---

[9] *Id.*

[10] *Id.*

[11] U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

[12] *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

argued that the hearing was wrongfully postponed. DeRemer specifically alleged:

> At the conclusion of the disciplinary hearing, Defendant Morris made his disdain for [DeRemer] and [DeRemer's] methods of challenging the disciplinary infraction for procedural violations by the Alaska DOC and its employees very clear. . . . Defendant Morris actually stated, on the audio record no less, that he *was* going to reduce the infraction to an "informational report." But since [DeRemer] chose to play games of a technical nature as to procedural requirements, Defendant Morris told [DeRemer] that he was finding [him] "guilty" instead. [Emphasis in original.]

The superior court entirely failed to address DeRemer's First Amendment retaliation claim, dismissing DeRemer's complaint based on "the reasons set forth in defendants' motion." In Turnbull and Morris's motion to dismiss they asserted that "DeRemer does not state any First Amendment claim," concluding that "DeRemer's constitutional claims all sound in due process, under either the U.S. or Alaska Constitutions." The court adopted this reasoning despite DeRemer's express reliance on the First Amendment in the opening paragraph of his complaint and our case law directing courts to "liberally construe the complaint and treat all factual allegations in the complaint as true."[13] We have repeatedly explained that motions to dismiss are disfavored and that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief."[14]

Moreover, DeRemer filed his complaint pro se and the "[p]leadings of pro se litigants are held to less stringent standards than those of lawyers."[15] "[W]e consider

---

[13] *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018).

[14] *Id.* (quoting *Bachner Co. v. State*, 387 P.3d 16, 20 (Alaska 2016)).

[15] *Adkins*, 204 P.3d at 1033.

pro se pleadings liberally in an effort to determine what legal claims have been raised."[16] Because the superior court relied on Turnbull and Morris's rationale for dismissing DeRemer's complaint, and because Turnbull and Morris failed to accurately address DeRemer's First Amendment claim, the court did not acknowledge the retaliation claim. Given this error we reverse the court's dismissal of DeRemer's First Amendment retaliation claim and remand this claim for further proceedings.

**B. The Superior Court Did Not Err By Dismissing The Remainder Of DeRemer's Claims.**

**1. Claims based on the Alaska Constitution**

In his complaint DeRemer alleged that Turnbull and Morris were "guilty of violating [his] rights under the Alaska Constitution, Article I, Section(s) §§ 1, 7, and 21," and he sought damages.[17] In *Lowell v. Hayes* we reiterated that we would "not allow a constitutional claim for damages [under the Alaska Constitution], 'except in cases of flagrant constitutional violations where little or no alternative remedies are available.' "[18] And in *State, Department of Corrections v. Heisey* we explained that alternative remedies

---

[16] *Toliver v. Alaska State Comm'n for Human Rights*, 279 P.3d 619, 622 (Alaska 2012).

[17] Alaska Const. art. I, § 1 ("This constitution is dedicated to the principles that all persons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the State."); Alaska Const. art. I, § 7 ("No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed."); Alaska Const. art. I, § 21 ("The enumeration of rights in this constitution shall not impair or deny others retained by the people.").

[18] 117 P.3d 745, 753 (Alaska 2005) (quoting *Dick Fischer Dev. No. 2 v. State, Dep't. of Admin.*, 838 P.2d 263, 268 (Alaska 1992)).

may include federal remedies, such as claims under 42 U.S.C. § 1983.[19] We noted that "[b]y matching his state constitutional claims to federal constitutional claims, Heisey implicitly acknowledges that federal claims would, in fact, provide a remedy comparable to his state constitutional claims."[20] We explained that "[w]hile a § 1983 claim may not be a complete remedy . . . it is a sufficient 'alternative remedy.' "[21]

DeRemer's case is similar to *Lowell* and *Heisey*. DeRemer made claims for damages under the Alaska Constitution and also under 42 U.S.C. § 1983.[22] DeRemer's pairing of his state constitutional claims with federal constitutional claims "implicitly acknowledges that federal claims would, in fact, provide a remedy comparable to his state constitutional claims."[23] Because the availability of alternative remedies for DeRemer's Alaska constitutional claims is dispositive, we need not decide whether the constitutional violations DeRemer alleged were flagrant.[24] We affirm the superior court's dismissal of DeRemer's claims under the Alaska Constitution.

---

[19]    271 P.3d 1082, 1096 (Alaska 2012).

[20]    *Id.* at 1097.

[21]    *Id.*

[22]    "This civil complaint is brought pursuant to 42 U.S.C. § 1983."

[23]    *Heisey*, 271 P.3d at 1097.

[24]    *Id.* at 1098 ("As the availability of an alternative remedy is dispositive on the issue of a *Bivens*-type remedy, we decline to reach the question of whether the constitutional violations are 'flagrant.' "); *see also Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 175 (Alaska 2010) ("The Krauses also make an argument regarding whether the superior court could have properly found that the alleged constitutional violations were not flagrant. Because the availability of an alternative remedy disposes of the damages claims, we need not consider that issue.").

## 2. Claims based on AS 11.76.110

In his complaint DeRemer alleged that Turnbull and Morris were "guilty of violating [his] fundamental constitutional rights in a manner as described in AS 11.76.110." Alaska Statute 11.76.110 makes it a crime to interfere with another person's constitutional rights. The statutory language does not include a private cause of action, but instead makes interference with constitutional rights a class A misdemeanor.[25] In *Belluomini v. Fred Meyer of Alaska, Inc.* we held that there was "no legal basis for recognizing interference with a constitutional right as a private cause of action."[26] Accordingly, we affirm the superior court's dismissal of DeRemer's claims under AS 11.76.110.

## 3. Claims based on the Fourteenth Amendment

In his complaint DeRemer alleged several violations of his Fourteenth Amendment due process rights: failure to investigate, spoliation of video evidence, refusal to answer his disciplinary appeal, and other procedural violations resulting from his disciplinary hearing. Turnbull and Morris argue that the superior court correctly dismissed DeRemer's claims under the Fourteenth Amendment because "he did not have a protected liberty interest against placement in punitive segregation." In *Wilkinson v. Austin* the Supreme Court stated that "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."[27] The Court explained that it "need reach the question of what process is due only if the

---

[25] AS 11.76.110(c).

[26] 993 P.2d 1009, 1015 (Alaska 1999) ("Thus, Alaska's criminal statute prohibiting interference with a constitutional right, AS 11.76.110, does not itself imply a purely private cause of action.").

[27] 545 U.S. 209, 221 (2005).

inmate[] establish[es] a constitutionally protected liberty interest, so it is appropriate to address this threshold question at the outset."[28]

Turnbull and Morris cite the U.S. Supreme Court's holding in *Sandin v. Conner* that a punitive action taken against a prisoner must equate to an "atypical, significant deprivation" before it will be deemed to infringe on a protected liberty interest.[29]  They also cite the Ninth Circuit's statement in *Serrano v. Francis* that "it would be difficult (we do not say impossible) to make disciplinary segregation sufficiently more restrictive than the condition of the general population . . . to count as an atypical and significant deprivation of liberty."[30]  Turnbull and Morris compare DeRemer's alleged due process violation — 10 days in punitive segregation — to instances where an "atypical and significant deprivation of liberty" was found.  As they correctly point out, DeRemer's deprivation is not atypical in comparison to *Serrano*:  the Ninth Circuit found that Serrano had identified a protected liberty interest "in his being free from confinement in a non-handicapped-accessible administrative housing unit" when his wheelchair was removed from his possession and he was forced "to endure a situation far worse than [that of] a non-disabled prisoner."[31]  Because DeRemer's 10 days

---

[28]     *Id.*

[29]     515 U.S. 472, 486 (1995).

[30]     345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Wagner v. Hanks*, 128 F.3d 1173, 1174 (7th Cir. 1997)); *see also Brandon v. State, Dep't. of Corr.*, 73 P.3d 1230, 1234 (Alaska 2003) ("[In *Sandin v. Conner*], the Court found that because punitive segregation is almost indistinguishable from administrative segregation and protective custody, it 'did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest' and therefore did not implicate any particular federal due process rights." (quoting *Sandin*, 515 U.S. at 486)).

[31]     *Serrano*, 345 F.3d at 1079; *see also Larson v. Cooper*, 90 P.3d 125, 135 (continued...)

in punitive segregation was not an atypical and significant hardship resulting from the alleged violation of his Fourteenth Amendment rights, we need not reach the question of what process was due.[32] We affirm the superior court's dismissal of these Fourteenth Amendment claims.

### 4. Claims For Declaratory Relief

In his complaint DeRemer also sought a declaration that Turnbull, Morris, and Reimer violated his fundamental constitutional rights,[33] and on appeal DeRemer argues this declaratory relief was wrongfully denied. As stated above, the superior court summarily dismissed DeRemer's complaint, adopting the reasoning from Turnbull and Morris's motion to dismiss. This motion listed claims that DeRemer identified in the complaint as claims for declaratory relief. For the same reasons as apply to DeRemer's other claims for relief,[34] the claims for declaratory relief were properly dismissed. We affirm the court's dismissal of DeRemer's request for declaratory relief.

## V. CONCLUSION

We REVERSE the superior court's dismissal of DeRemer's First Amendment retaliation claim, and we REMAND for the superior court to consider these claims. We AFFIRM the superior court's dismissal of the remainder of DeRemer's claims.

---

[31](...continued)
(Alaska 2004) (discussing the U.S. Supreme Court's determination in *Sandin v. Conner* that "placing a prisoner in solitary confinement for thirty days 'did not work a major disruption in his environment' " (quoting *Sandin*, 515 U.S. at 486)).

[32]    *Wilkinson*, 545 U.S. at 221.

[33]    Because the superior court's order dismissing DeRemer's claims against Reimer was not appealed, his request for declaratory relief against her is not at issue.

[34]    *See supra* sections IV.B.1-3.