NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ANDREW McNAIR, ) | |
| ) | Supreme Court No. S-17704 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-09-04601 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| JOHNNA GOLDEN, f/k/a JOHNNA ) | AND JUDGMENT* |
| McNAIR, ) | |
| ) | No. 1796 – October 14, 2020 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Herman G. Walker, Jr., Judge.

Appearances: Andrew McNair, pro se, Palmer, Appellant. No appearance by Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

## I.      INTRODUCTION

Following a couple's divorce a man appealed several aspects of the superior court's custody and support order. We determined there was an error in the child support calculation and remanded for further proceedings. The superior court issued a corrected order, and in the years that followed the man filed numerous motions seeking to modify court orders and to disqualify the assigned judge, each of which was denied. After the superior court again denied several motions, and then a subsequent motion for

---

\*      Entered under Alaska Appellate Rule 214.

reconsideration, the man appeals again. Finding no error, we affirm the superior court's denial of his motion for reconsideration.

## II.   FACTS AND PROCEEDINGS

At the conclusion of Andrew McNair and Johnna Golden's divorce, the superior court awarded primary physical and sole legal custody of the couple's children to Johnna.[1] Andrew appealed, arguing that the court erred when it awarded Johnna custody; it erred in its child support calculation; the judge was biased against him; and the court violated his rights under the Service Members' Civil Relief Act and his right to due process.[2] We held that the child support award was erroneously calculated but affirmed the superior court on all of the other issues Andrew raised.[3] We remanded for the superior court to correctly determine child support.[4]

In the years following that appeal, Andrew repeatedly filed motions asking the court to modify custody, visitation, and child support. He repeated his allegations that the assigned judge was biased against him.[5] The assigned judge denied each motion Andrew filed to recuse him for bias, and each denial was reviewed and affirmed by another superior court judge.

On January 7, 2020, Andrew filed a motion asking the superior court to "correct [its] actions." In the motion, Andrew complained that he was blocked from

---

[1]     *See McNair v. McNair*, No. S-14288, 2012 WL 2477891, at *1 (Alaska June 27, 2012).

[2]     *Id.*

[3]     *Id.* at *3-4.

[4]     *Id.* at *5.

[5]     After the originally assigned judge retired, another judge assumed responsibility for the case. Andrew moved to recuse each of them.

cross-examining a witness and obtaining a video and argued that "[a]pproximately the last five orders are not in effect and are null and void." He also requested that the assigned judge and Johnna's attorney be "remov[ed]" from the case and have their bar licenses revoked due to "criminal actions." He concluded by stating that Johnna should be imprisoned for various crimes.

On January 9 the superior court issued an "Order Responding to Plaintiff's Filing Dated January 7, 2020." In its order the court summarized what it believed to be the relevant events that were the subject of Andrew's filing. The court also ordered that to the extent Andrew was "asking this court to recuse itself from this matter that request is denied."

A second superior court judge was appointed to review the court's denial of the motion for recusal. On January 15 the reviewing court affirmed the denial.

On January 17 Andrew filed a lengthy motion for reconsideration. The superior court denied the motion on January 21. After commenting that it was "difficult to determine what Mr. McNair is reconsidering," the court denied the motion on two grounds. It first denied reconsideration of its most recent decision not to recuse itself; it also denied reconsideration of "what appears to be [the] court file from [Andrew's] divorce trial" because "no new evidence is permitted" in a motion for reconsideration.

Andrew, representing himself, appeals the order denying reconsideration.

## III.   DISCUSSION

Andrew represents himself in this appeal. When considering his appeal we apply less stringent standards than if he were represented by counsel.[6]

---

[6]     *DeRemer v. Turnbull*, 453 P.3d 193, 197 (Alaska 2019).

He lists 14 issues on appeal; most of them pertain to either custody or child support. A few of the issues allege criminal activity; these allegations appear to be related to Andrew's child custody and child support claims.

In addition to the specific issues listed, Andrew again argues that the assigned judge was biased against him. He concludes his argument with a request for an apology and "the millions of dollars owed to him," along with a new trial to determine custody and child support.

Andrew does not make a specific argument relating to the issues he listed, nor are we able to discern the basis for his disagreement with the superior court's rulings. Even after according him the more lenient treatment that we use when considering the briefs of self-represented litigants, we must conclude that he has failed properly to raise any of the issues that he listed. As we recently reiterated, "[w]here a point is not given more than a cursory statement in the argument portion of a brief, the point will not be considered on appeal."[7] Because Andrew's arguments are "conclusory and inadequately developed," "we consider them waived."[8]

## IV. CONCLUSION

The superior court's order denying reconsideration is AFFIRMED.

---

[7] *Antenor v. State, Dep't of Corr.*, 462 P.3d 1, 4 n.82 (Alaska 2020).

[8] *Manning v. State, Dep't of Fish & Game*, 355 P.3d 530, 538 (Alaska 2015) (holding pro se litigant's arguments were waived where they were inadequately briefed).