*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| PATRICK H. TORRENCE, | ) |
| | ) Supreme Court No. S-18738 |
| Appellant, | ) |
| | ) Superior Court No. 3SW-22-00031 CI |
| v. | ) |
| | ) O P I N I O N |
| TYLER BLUE, | ) |
| | ) No. 7708 – July 19, 2024 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Seward, Lance Joanis, Judge.

Appearances: Patrick H. Torrence, pro se, Seward, Appellant. Tyler Blue, pro se, Seward, Appellee.

Before: Maassen, Chief Justice, and Borghesan, Henderson, and Pate, Justices. [Carney, Justice, not participating.]

MAASSEN, Chief Justice.

## I.    INTRODUCTION

This appeal arises from a civil suit between one prisoner, Patrick Torrence, and another, Tyler Blue, both of them self-represented. Torrence sued Blue to recover compensation for injuries he suffered in an assault. The superior court granted Blue's motion to dismiss Torrence's complaint for failure to state a claim, concluding that the criminal statutes Torrence cited in his complaint did not support a private cause of action. Torrence appeals.

We conclude that Torrence's complaint, though inaptly defining its cause of action by reference to the criminal law, stated a claim for civil battery and should not have been dismissed. We therefore reverse and remand for further proceedings, including any necessary procedural guidance to the two self-represented litigants.

## II. FACTS AND PROCEEDINGS

### A. Factual Background

In July 2019 Blue, an inmate at Spring Creek Correctional Center, assaulted Torrence, another inmate. Torrence was taken to the hospital, where he was found to have suffered abrasions, bruising, and a mild concussion and also reported the aggravation of a preexisting injury to his hip. Blue was later criminally charged and pleaded guilty to assault in the fourth degree, "recklessly caus[ing] injury to another person."[1]

### B. Proceedings

In May 2022 Torrence filed a civil complaint against Blue. Torrence identified himself as "[t]he plaintiff in criminal case 3SW-20-00009 CR [Blue's criminal case]" and asserted that he was suing Blue "for the crime of Assault in the fourth degree [under AS] 11.41.230(a)(1)(2)(b)[,] a class A misdemeanor." He sought "restitution and compensation under [AS] 12.55.045(a)(1)(2)(b)(c)(g)(l)(m) [sic]" and "fines under [AS] 12.55.035." He asked for damages of "$10,000 for a class A misdemeanor assault on the victim['s] person, and any additional cost, court fees, medical, postage, and cost of litigation, as well as pain and suffering." He also asked for punitive damages "in the amount of $ ? for deliberate indifference."[2] His case

---

[1] AS 11.41.230(a)(1).

[2] The only dollar amount stated in Torrence's complaint is $10,000, apparently in reference to a criminal fine, though his intent is not clear to us. We assume that the superior court read the complaint's litany of claimed damages — including "medical," "pain and suffering," and "punitive damages" — as exceeding the district

description form, filed with the complaint, identified his "Type of Action" as "Intentional Tort (e.g., assault, battery, vandalism)."

Blue moved to dismiss Torrence's complaint. He argued that he could not "be placed twice in jeopardy for the same offense" and that the court had already rendered judgment against him in the criminal case, "to include restitution, police training surcharge, jail surcharge, and a jail sentence for this offense and damages therein." Torrence opposed the motion, asserting that the damages ordered in Blue's criminal case had been paid not to him but to the government and that he was yet to be compensated for his own injuries. He argued that double jeopardy did not apply because this "claim is based on the injury to my person in this civil action[] and the cost to litigate this action. Not criminal proceedings."

The court granted Blue's motion to dismiss. The court explained that "the criminal statute cited as the basis of the *Complaint* (AS § 11.41.230) does not create a private cause of action," citing *DeRemer v. Turnbull*,[3] and "[a]s such the Plaintiff may not prosecute a civil suit on that basis." Torrence appeals.

## III. STANDARD OF REVIEW

"A grant of a motion to dismiss a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) is reviewed de novo. In reviewing a Rule 12(b)(6) dismissal, we liberally construe the complaint and treat all factual allegations in the complaint as true."[4]

---

court's jurisdictional limit; a suit claiming damages of only $10,000 would fall within the jurisdiction of the district court. *See* AS 22.15.030(a)(1) ("The district court has jurisdiction of civil cases . . . for the recovery of money or damages when the amount claimed exclusive of costs, interest, and attorney fees does not exceed $100,000 for each defendant.").

[3]     453 P.3d 193, 198 (Alaska 2019).

[4]     *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018) (quoting *Bachner Co. v. State*, 387 P.3d 16, 20 (Alaska 2016)).

## IV. DISCUSSION

### A. It Was Error To Dismiss Torrence's Complaint.

Though inaptly relying on criminal statutes in stating his claim, Torrence plainly set out the elements of a civil tort. His complaint therefore should have survived dismissal under Civil Rule 12(b)(6).

#### 1. Courts are required to independently evaluate whether a complaint alleges facts that could entitle the plaintiff to relief.

" '[M]otions to dismiss are disfavored,' and it must be 'beyond doubt that the plaintiff can prove no set of facts that would entitle [the plaintiff] to relief' before dismissal will be granted."[5] "Even if the relief demanded is unavailable, the claim should not be dismissed as long as some relief might be available on the basis of the alleged facts."[6] "In other words, 'the complaint need only allege a set of facts consistent with and appropriate to some enforceable cause of action.' "[7]

Also, we apply a "more lenient standard" to self-represented litigants, meaning that we consider their "pleadings liberally in an effort to determine what legal claims have been raised."[8] This more lenient standard "reflects a policy against finding unintended waiver of claims in technically defective pleadings filed by pro se

---

[5]     *Sagoonick v. State*, 503 P.3d 777, 792 (Alaska 2022), *reh'g denied* (Feb. 25, 2022) (alterations in original) (first quoting *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009); and then quoting *Catholic Bishop of N. Alaska v. Does 1-6*, 141 P.3d 719, 722 (Alaska 2006)).

[6]     *Id.* (quoting *Adkins*, 204 P.3d at 1033).

[7]     *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009) (quoting *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 128 (Alaska 2000)).

[8]     *Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017) (internal quotation marks omitted) (first quoting *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1062-63 (Alaska 2005); and then quoting *Toliver v. Alaska State Comm'n for Hum. Rts.*, 279 P.3d 619, 622 (Alaska 2012)).

litigants."[9] It is the substance, not the form, of a claim that determines whether it is subject to dismissal.[10] And "[a] pro se litigant's interpretation of his own complaint need not be determinative of what it actually pleads; [we] must exercise [our] independent judgment in determining what claims the complaint's words assert."[11] Only when the claim provides absolutely no basis for relief should the court grant a motion to dismiss for failure to state a claim.[12]

These principles apply to Torrence, a self-represented litigant. Regardless of how he characterized his claim in his complaint, the superior court was required to exercise its independent judgment to determine what claims he was actually asserting and whether, if proven, they entitled him to any relief. If they did, his complaint could not properly be dismissed under Rule 12(b)(6).

### 2. Torrence's complaint alleged facts consistent with a civil claim for the tort of battery.

In Torrence's complaint, he alleged that Blue "intentionally, knowingly, and recklessly caused [him] physical injury" and that he "still endures pain and suffering." He identified the date and scene of the assault and described his injuries as including a concussion and "[p]ost-traumatic osteoart[h]ritis of [his] left hip."

---

[9] *DeNardo v. Calista Corp.*, 111 P.3d 326, 330 (Alaska 2005).

[10] *See, e.g.*, *Miller v. Johnson*, 370 P.2d 171, 172 (Alaska 1962) ("That such relief [demanded by claimants] may not be the kind to which they are in fact entitled to obtain is of no significance in determining whether there has been sufficiently stated a claim upon which *some* relief may be granted." (emphasis in original)); *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 10 (Alaska 2012) (restating principle from *Miller* when reversing Rule 12(b)(6) dismissal of self-represented litigant's complaint); *Barber v. Schmidt*, 354 P.3d 158, 162 (Alaska 2015) (holding that trial court should have preserved viable individual claims even when self-represented litigants' complaint did not explicitly separate them from nonviable class action claims).

[11] *Calista Corp.*, 111 P.3d at 331.

[12] *See Larson*, 283 P.3d at 10; *Barber*, 354 P.3d at 162; *Rae v. State, Dep't of Corr.*, 407 P.3d 474, 477-78 (Alaska 2017).

These facts, taken as true, support a tort claim for battery. "A person commits the tort of battery when the actor intends to cause harmful or offensive contact with another."[13] If Torrence is able to prove the facts he alleged — already the subject of a criminal case and conviction — he may well be entitled to relief in the form of damages.[14]

### 3. *DeRemer v. Turnbull* does not control this case.

In its dismissal order, the superior court concluded that Torrence had failed to state a cognizable claim because "the criminal statute cited as the basis of the *Complaint* (AS § 11.41.230) does not create a private cause of action," citing *DeRemer v. Turnbull* in support of this conclusion.[15] In *DeRemer* we affirmed the dismissal of a self-represented prisoner's tort claim that was based on AS 11.76.110, which makes it a class A misdemeanor to interfere with another's constitutional rights.[16]

But the crime of interference with constitutional rights lacks any tort analogue. We apply "a long-standing legal principle: state and federal courts have historically recognized that the constitution protects individuals from state action but

---

[13] *DeNardo v. Corneloup*, 163 P.3d 956, 960 (Alaska 2007); *see also Lowdermilk v. Lowdermilk*, 825 P.2d 874, 879 (Alaska 1992) ("A person is liable for assault and battery if the person intends to cause harmful or offensive contact."); *Merrill v. Faltin*, 430 P.2d 913, 917 (Alaska 1967) ("If one acts intending to cause a harmful or offensive contact with the person of another, and if the latter is put in imminent apprehension of such a contact, and an offensive contact results, one is liable for an assault and battery even though he acted with no feeling of hostility or ill will or enmity toward the other.").

[14] *See Lane v. Ballot*, 330 P.3d 338, 341 (Alaska 2014) ("A criminal conviction for a serious crime has a collateral estoppel effect in a subsequent civil action relying on the same set of operative facts."); *id.* at 342 n.16 (providing that courts may take judicial notice of criminal convictions).

[15] 453 P.3d 193 (Alaska 2019).

[16] *Id.* at 198.

not from similar deprivations by private actors."[17]  "Thus, Alaska's criminal statute prohibiting interference with a constitutional right, AS 11.76.110, does not itself imply a purely private cause of action."[18]  It was on this ground that we affirmed the dismissal of DeRemer's claims based on the Alaska Constitution.[19]

By contrast, the assault statute under which Blue was convicted, AS 11.41.230, addresses conduct that the common law has long held to be tortious.[20] The statute criminalizes conduct by a person who recklessly or negligently "causes physical injury to another person;" this conduct also fits the definition of the tort of battery.[21]  We need not decide whether the criminal statute "impl[ies] a purely private cause of action," as in *DeRemer*, because such a cause of action exists independently in well-established tort law.[22]

---

[17]     *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1015 (Alaska 1999).

[18]     *Id.*

[19]     *DeRemer*, 453 P.3d at 198-99.

[20]     *See*, *e.g.*, DOBBS ET AL., THE LAW OF TORTS § 17 (2d ed. 2011) (tracing modern tort of battery back to common law writs of trespass and case); *id.* § 33 ("The law of battery, an outgrowth of the old trespass writ, was originally conceived solely in terms of force and violence. . . .  Battery today vindicates the plaintiff's rights of autonomy and self-determination, her right to decide for herself how her body will be treated by others, and to exclude their invasions as a matter of personal preference, whether physical harm is done or not."); *State ex rel. Jones v. Gerhardstein*, 400 N.W.2d 1, 6 (Wis. App. 1986) ("Throughout the development of the common law there is overwhelming evidence that no right is older or more deeply rooted than the individual's right to be free from unwanted and unwarranted personal contact.").

[21]     *DeNardo v. Corneloup*, 163 P.3d 956, 960 (Alaska 2007) ("A person commits the tort of battery when the actor intends to cause harmful or offensive contact with another; one need not intend injury but must intend to cause contact.").

[22]     *See DeRemer*, 453 P.3d at 198.

We further note the inapplicability of the double jeopardy defense Blue raised below and on appeal. "[J]eopardy in either its constitutional or its common law sense[] has a strict application to criminal prosecutions only."[23] A criminal judgment, even one that includes a restitution order, does not preclude the victim's civil suit for damages.[24] Because Torrence's complaint was civil, not criminal, double jeopardy does not apply.

## B. The Superior Court On Remand Must Advise The Parties Of The Appropriate Procedures For Moving Forward With A Civil Tort Claim.

A judge has a duty to inform a self-represented litigant "of the proper procedure for the action he or she is obviously attempting to accomplish."[25] This includes "inform[ing] a pro se litigant of the specific defects in his [pleadings] and giv[ing] him an opportunity to remedy those defects."[26] The duty does require "an appropriate balance between [a judge's] role as a neutral and impartial decision maker and their affirmative duty to advise self-represented litigants."[27] Importantly, "[w]hat the litigant is attempting to accomplish must be *obvious*."[28] The court " 'must be careful

---

[23] *In re MacKay*, 416 P.2d 823, 838 (Alaska 1964).

[24] AS 12.55.045(b) ("An order of restitution under this section does not limit any civil liability of the defendant arising from the defendant's conduct."); *cf. Farmer v. State*, 449 P.3d 1116, 1126-27 (Alaska App. 2019) ("Given the higher standard of proof at a criminal trial, Alaska courts have also consistently held that the prohibition on double jeopardy does not preclude a civil suit for damages based on the same conduct for which a defendant was acquitted or for which restitution was not ordered in the criminal case.").

[25] *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[26] *Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998).

[27] *Bush v. Elkins*, 342 P.3d 1245, 1253 (Alaska 2015) (internal citations omitted).

[28] *Leahy v. Conant* (*Leahy II*), 447 P.3d 737, 743 (Alaska 2019) (emphasis added).

to maintain [its] impartiality' and 'may not act as [an] advocate[] for pro se litigants on substantive legal issues.' "[29] But "[i]n determining how much guidance the court should provide, we have noted the especially great disadvantage faced by self-represented litigants who are also incarcerated."[30]

As explained above, it is "obvious" to us that what Torrence "is attempting to accomplish" is the pursuit of a civil claim in tort.[31] But it is equally obvious that both Torrence and Blue failed to understand the difference between a criminal prosecution and a civil tort case, as Torrence's complaint relied on criminal statutes to define his claim and Blue relied on the defense of double jeopardy when moving to dismiss it. We recognize that clarifying the nature of Torrence's cause of action and the damages available to him may tread close to the line between procedural instruction and substantive legal advice.

However, while there is no bright line rule for when "procedural guidance" goes too far, permissible guidance often includes more than just referring a litigant to the governing procedural rules. For example, in a prisoner's case against the Department of Corrections for alleged violations of his religious freedom, we held that the superior court did not abuse its discretion when it failed to advise the litigant to amend his complaint to add as a defendant the official who had issued the challenged directive: "Advising a litigant to add a particular party defendant would usually cross the line from procedural advice to substantive advocacy."[32] But in a second appeal by the same prisoner, we held that the superior court abused its discretion by failing to advise him of the need to file affidavits in opposition to the prison officials' motion for

---

[29] *Leahy v. Conant* (*Leahy I*), 436 P.3d 1039, 1049 (Alaska 2019) (quoting *Rae v. State, Dep't of Corr.*, 407 P.3d 474, 479 (Alaska 2017)).

[30] *Leahy II*, 447 P.3d at 743.

[31] *See id.*

[32] *Leahy I*, 436 P.3d at 1049.

summary judgment.[33]  In a divorce case we held that the superior court "appropriately advised" a self-represented litigant struggling with the discovery rules "that he was 'at liberty to propound specific records and information requests as [Alaska] Civil Rule 34 requests for production and [Alaska] Civil Rule 33 interrogatories, which may be enforced by separate motion if necessary.' "[34]  In a medical malpractice case, we held that the superior court properly advised a self-represented litigant on procedure when it "summarized the usual advisory role of the [expert] panel for [the litigant], told him that a plaintiff in his position might typically waive appointment of a panel if the defendant agreed to do so, and told him that appointing a panel would slow down the proceedings."[35]  In a tort case, we held that the superior court acted appropriately when it not only advised a self-represented litigant of procedure but also "attempted to focus [the litigant's] attention on the relevant issues at the hearing."[36]

While this decision may give the litigants a general sense of the direction Torrence's case must take on remand, it seems likely that the superior court will need to advise them more specifically of the procedural steps ordinarily taken in the pursuit and defense of a civil case like this one, consistent with its duty to maintain impartiality. The court may also need to clarify, at least in general terms, the amount of damages Torrence is seeking, so as to ensure that the case proceeds in the court with the proper jurisdiction.[37]

---

[33]     *Leahy II*, 447 P.3d at 743.

[34]     *Olivera v. Rude-Olivera*, 411 P.3d 587, 591 (Alaska 2018).

[35]     *Kaiser v. Sakata*, 40 P.3d 800, 804 (Alaska 2002).

[36]     *Sopko v. Dowell Schlumberger, Inc.*, 21 P.3d 1265, 1273 (Alaska 2001).

[37]     *See supra* note 2.

## V.   CONCLUSION

We REVERSE the superior court's order dismissing the case for failure to state a claim and REMAND for further proceedings consistent with this opinion.