NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ANNE P. MULLIGAN, | ) | |
| | ) | Supreme Court No. S-18019 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-19-10893 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT* |
| OF LAW, OFFICE OF THE ATTORNEY | ) | |
| GENERAL, | ) | No. 1897 – June 8, 2022 |
| | ) | |
| Appellee. | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer S. Henderson, Judge.

Appearances: Anne P. Mulligan, pro se, Anchorage, Appellant. M. David Rhodes, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen and Borghesan, Justices. [Carney and Henderson, Justices, not participating.]

## I. INTRODUCTION

The superior court dismissed an unrepresented woman's complaint because of its failure to state a claim upon which relief could be granted. The woman appeals, but in her briefing she fails to address any of the superior court's reasons for dismissal.

---

\* Entered under Alaska Appellate Rule 214.

Because she waived any argument that might allow her to succeed in overturning the superior court's order, we affirm it.

## II.    FACTS AND PROCEEDINGS

Anne Mulligan filed a lawsuit against the State and Attorney General Kevin Clarkson.  According to her three-paragraph complaint, the State had filed criminal charges against her a year earlier for making a "[t]erroristic [t]hreat" while at the hospital, and the Alaska State Troopers (AST) had "issued a summons and warrant for her arrest."  Mulligan alleged that she was "illegally arrested" by "Officer Brandon Stack along with 3 white male [Anchorage Police Department (APD)] Officers," that she was injured during the arrest, and that the State later dropped the charges against her.[1]  She alleged that she then attempted to file a formal complaint with AST but was told she could not do so.  She sought $1 billion in damages "for filing false charges . . . , false arrest, defamation of character, re-injuring [her] injuries [from a prior arrest], hate crime . . . , mental anguish, [and] misuse of law enforcement personnel," as well as what appear to be claims that APD, AST, and the attorney general's office were negligent in the performance of their duties.

Mulligan later moved to amend her complaint to add a stalking claim "[p]er AS 11.41.260-270," which are provisions of Alaska's criminal code.  Attorney General Clarkson filed a certification that he "was acting within the scope of his office and employment with the State . . . with respect to the events described in" Mulligan's

---

[1]    Mulligan has filed other complaints connected to her interactions with the police.  *See, e.g., Mulligan v. Mun. of Anchorage*, S-17665, 2021 WL 4191440 (Alaska Sept. 15, 2021); *Mulligan v. Mun. of Anchorage*, S-17635 2021 WL 4191118 (Alaska Sept. 15, 2021); *Mulligan v. Denali Universal Servs., Inc.*, S-17980 2021 WL 5108498 (Alaska Nov. 3, 2021).

complaint, and he therefore asked that the State be substituted as defendant in his place.[2] The superior court acknowledged this substitution and Mulligan did not object to it.

The State then filed a motion asking the court to either dismiss the case under Alaska Civil Rule 12(b)(6)[3] or require Mulligan "to make a more definite statement of [her] claims and any supporting facts."[4] The State interpreted Mulligan's complaint as advancing four state law tort claims: personal injury, false arrest, malicious prosecution, and defamation. The latter three, the State concluded, arose from the filing of criminal charges against Mulligan, while the first arose from the arrest. Citing the arrest warrant, the State observed that Mulligan's arrest was made by APD officers rather than AST or any state employee, meaning that Mulligan had not alleged any personal injury claim against the State. The State argued that sovereign immunity protected it and the attorney general from Mulligan's remaining claims: false arrest, malicious prosecution, and defamation.[5] The State also argued that Mulligan's motion

---

[2]   When a lawsuit is filed against a state employee, the attorney general may certify "that the state employee was acting within the scope of the employee's office or employment at the time of the incident out of which the claim arose," and the State will be substituted as the defendant. AS 09.50.253(c).

[3]   A motion to dismiss brought pursuant to Rule 12(b)(6) asserts that the challenged pleading "fail[s] to state a claim upon which relief can be granted."

[4]   The State attached several documents: the criminal complaint filed against Mulligan, the amended criminal charges, the arrest warrant, and the dismissal of the criminal charges. Although courts generally do not consider matters outside the pleadings on Rule 12(b)(6) motions to dismiss, the State argued that the superior court could consider these because courts "may take judicial notice of matters of public record, including other judicial proceedings."

[5]   Alaska Statute 09.50.25 provides that "an action may not be brought [against the State] if the claim . . . (3) arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation,

(continued...)

to add a stalking claim to her complaint should be denied on futility grounds because it "did not state facts that would support such a claim, if it were recognized in Alaska, as to the State or any of its employees."

The superior court denied Mulligan's request to add the stalking claim on the ground that the cited criminal statutes did not support a private cause of action.[6] The court also granted the State's motion to dismiss the complaint, agreeing with the State's arguments that (1) Mulligan had not stated a personal injury claim against the State or its employees based on her arrest, which Mulligan herself acknowledged had been made by APD officers; and (2) Mulligan's remaining claims were barred by sovereign immunity.

Mulligan appeals.

## III. MULLIGAN HAS WAIVED ALL ARGUMENTS ON APPEAL.

The State argues that Mulligan's opening brief on this appeal "makes [only] factual arguments that are unrelated to the reasons the trial court dismissed her complaint" and that she has therefore waived her right to contest the dismissal. We agree.[7]

---

[5] (...continued) deceit, or interference with contract rights."

[6] *See DeRemer v. Turnbull*, 453 P.3d 193, 198-99 (Alaska 2019) (holding that statute that criminalized interference with another's constitutional rights could not be construed as supporting private cause of action).

[7] "We review de novo whether a party has waived a claim on appeal." *Huber v. State, Dep't of Corr.*, 426 P.3d 969, 971 (Alaska 2018) (quoting *Pease-Madore v. State, Dep't of Corr.*, 414 P.3d 671, 674 (Alaska 2018)).

"[I]ssues not briefed [on appeal] or only cursorily briefed are considered waived."**[8]** Mulligan does not address the reasons for the superior court's dismissal of her complaint in either her opening brief or her reply brief, nor does she provide any legal authority that would support reversing the dismissal order. Her statement of issues focuses primarily on her view of the facts: she did not make a bomb threat on the days in question, a hospital security guard illegally accessed her medical records, a bomb threat is a federal crime as opposed to a state crime, she was arrested by APD based on hearsay and without a full investigation, she was injured during the arrest, and the criminal charges were misdated.

The superior court's dismissal of the complaint was based on four primary conclusions. First, the court concluded that Mulligan had not presented facts that would support a personal injury claim against the State because she agreed that the police officers who arrested her were not state employees.**[9]** Second, the court characterized Mulligan's remaining claims against the State and the attorney general as alleging the torts of false arrest, malicious prosecution, and defamation. Mulligan does not contest this conclusion. Third, the court concluded that the attorney general properly certified that he had been sued in his official capacity, and he was therefore entitled to any sovereign immunity to which the State was entitled. Mulligan does not contest this conclusion. And fourth, the superior court concluded that under AS 09.50.250(3) and "quite unequivocal" case law, the State (and therefore the attorney general as well) was

---

**[8]** *Shearer v. Mundt*, 36 P.3d 1196, 1199 (Alaska 2001); *see also Richardson v. Mun. of Anchorage*, 360 P.3d 79, 83, 91 (Alaska 2015) (holding that self-represented party who neither addressed order dismissing his claims against State for failing to bring a claim upon which relief could be granted "nor mentioned any aspect of the State's alleged conduct" had "fail[ed] to properly raise this issue on appeal").

**[9]** On appeal Mulligan again agrees she was arrested by APD officers.

immune from suit for false arrest, malicious prosecution, and defamation. Mulligan does not contest this conclusion either.

Although "[w]e hold self-represented litigants to a less 'stringent standard,' "[10] we also have held that "even a self-represented litigant must provide more than a cursory statement to be considered on appeal."[11] Because Mulligan failed to address any of the grounds for the dismissal of her complaint in her briefing on appeal, she waived the opportunity to challenge the Rule 12(b)(6) dismissal of her complaint.

## IV. CONCLUSION

We AFFIRM the dismissal of Mulligan's complaint.

---

[10] *Leahy v. Conant*, 447 P.3d 737, 742 (Alaska 2019) (quoting *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009)).

[11] *Antenor v. State, Dep't of Corr.*, 462 P.3d 1, 14 (Alaska 2020).